RAYMOND A. ROYCE, ABA #8206060
LAW OFFICES OF ROYCE & BRAIN
1407 W. 31st Avenue, 7th Floor
Anchorage, AK 99503
Telephone: (907) 258-6792
Attorneys for Plaintiff

ROBERT H. CRICK
JOHN H. GUIN
WINTON & CASHATT
1900 Seafirst Financial Center
Spokane, WA 99201
Telephone: (509) 838-6131
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| W.A. BOTTING COMPANY/THE POOLE & KENT COMPANY, JOINT VENTURE, a joint venture consisting of a Washington corporation and a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL TEST AND BALANCE, INC.,<br><br>Defendant. | Case No. A99-79 CV (JKS) |

**AFFIDAVIT OF JOHN H. GUIN RE**

**STATUS OF MEDIATION AND ARBITRATION**

AFF'D OF JOHN H. GUIN RE STATUS OF
MEDIATION AND ARBITRATION - 1

STATE OF WASHINGTON )
                          : ss.
County of Spokane         )

JOHN H. GUIN, being first duly sworn on oath, deposes and states as follows:

1. I am the primary attorney for the plaintiff in this action, W.A. Botting Company/The Poole & Kent Co., Joint Venture ("BPK"). I have personal knowledge of the events described in this affidavit and I am competent to testify to such events.

2. On March 9, 2006, the Court held a status conference to request an update on this case from the parties. During the status conference, the parties committed to set and complete a mediation of this matter by May 31, 2006. The Court then issued an order requiring that mediation by held by that date.

3. Since the status conference, I have conferred with counsel for International Test and Balance, Inc. ("ITB") on a number of occasions regarding the selection of a mediator, the scheduling of a mediation date, and the exchange of information to facilitate the resolution of the case. I have provided ITB's counsel with information supporting BPK's claim against ITB. To date, I believe that both parties have acted in good faith to bring this case to mediation.

4. Due to the complexities and history of this case, the parties do not believe that any mediator can bring the case to conclusion, but rather, the mediator must hold particular qualifications. The parties have identified two potential mediators for the case (Chris Soelling of Seattle, Washington, or Andrew Natale of Cleveland, Ohio); however,

AFF'D OF JOHN H. GUIN RE STATUS OF
MEDIATION AND ARBITRATION - 2

the schedules of each potential mediator preclude the case from being mediated before August of 2006.

5. BPK recognizes that this case has lingered for a considerable period of time on the Court's docket. BPK is committed to getting this case to mediation, and I believe that ITB is likewise so committed. The parties have made significant progress in identifying the potential mediators and in the exchange of information necessary to facilitate a negotiated resolution. BPK requests further patience from the Court and an extension of time in which to hold the mediation. BPK requests that the mediation deadline be extended to August 31, 2006.

_____
JOHN H. GUIN

SUBSCRIBED AND SWORN to before me this 30th day of May, 2006.

_____
Notary Public in and for the State of Washington, residing at Greenacres.
My commission expires 7-29-07.

80101

AFF'D OF JOHN H. GUIN RE STATUS OF
MEDIATION AND ARBITRATION - 3